## PETZOLDT v. UNITED STATES.
### No. 49094.

United States Court of Claims.

March 6, 1950.

Oscar E. Bland, Washington, D. C., Bland & McCook, Washington, D. C., on the brief, for plaintiff.

Carl Eardley, Washington, D. C., Newell A. Clapp, Acting Assistant Attorney General, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff brought this suit to recover $20,-559.18 representing the amount received by defendant from the sale by it of certain pearls, which plaintiff had imported into the United States from China in 1946, pursuant to a judgment of condemnation and forfeiture in a libel action instituted by defendant in the U.S. District Court for the Southern District of California, Central Division.

The defendant demurs to the petition on the ground that the facts alleged in the petition are not sufficient to constitute a cause of action.

From the allegations of the petition it appears that on June 25, 1946, the plaintiff, upon her arrival at Honolulu, T. H., from Shanghai, China, imported into the Port of Los Angeles, approximately twenty-five pounds of loose pearls and eighty-six strings of cultured pearls. By reason of irregularities of the consular invoice and undervaluation of the pearls by plaintiff, the property was seized by the Collector of Customs and held for forfeiture under authority of Section 592 of the Tariff Act of 1930, 19 U.S.C.A. § 1592.

Thereafter, in November 1946, plaintiff filed with the Secretary of the Treasury, through the Collector and the Commissioner of Customs, a petition under Section 618 of the Tariff Act of 1930, 19 U.S.C.A. § 1618, for mitigation of the claimed penalty of forfeiture. In this petition plaintiff endeavored to show that she had been misinformed and misled by one Beerbrayer, the seller of the pearls in China, as to the dutiability and value of the pearls; that she had had no experience in making customs entry and became frightened and confused, and that, following the directions of Beerbrayer, she caused entry of the pearls to be made at the Port of Los Angeles at a declared dutiable value of $10,000.

At the time of the entry of the pearls at this value, plaintiff paid the duty of ten percent as required by the customs statute. After consulting a customs broker plaintiff amended the declared value, increasing the same from $10,000 to $18,950. The original appraisement of the pearls by customs officials was $53,371. Subsequently, plaintiff again amended the value of the pearls at $34,310. Plaintiff paid the duty of ten percent ($3,431) on this valuation.

Plaintiff's petition for mitigation of the forfeiture was considered, and the following decision in the matter, signed by the Commissioner of Customs and approved by the Secretary of the Treasury, was sent to the Collector of Customs at Los Angeles, December 19, 1946:

"The receipt is acknowledged of your letter of December 1, 1946 (file HBM–147), transmitting the petition of Patricia B. Petzoldt for relief in respect of 28½ pounds of loose pearls and 100 strings of pearls covered by consumption entry No. 5052 dated June 25, 1946, and which were seized at your port under section 592 of the Tariff Act of 1930, as amended.

"The record indicates that A. Beerbrayer of Shanghai offered to help the Petzoldts make some money by selling them the pearls for resale in this country. The pearls were purchased for $18,950, of which amount Beerbrayer was paid $5,950 in cash and given a check for $3,000, which is said to be unpaid. The unpaid balance of $10,000 was to be deposited to the account of Beerbrayer in a New York bank after the pearls had been sold in this country. Later 41 strings of pearls were returned to Beerbrayer and the Petzoldts were credited therefor in the amount of $820. A consular invoice was secured showing the purchase price to be $10,000. Mrs. Petzoldt proceeded by plane to Los Angeles via Honolulu. Entry of the pearls was made at your port on the basis of the consular invoice showing the purchase price to be $10,000.

"By reason of the false invoice the pearls were seized. The appraised value of the merchandise is $53,371.

"The petitioner represents that neither she nor her husband had had any experience in the methods of importing merchandise into the United States; that they were not familiar with the customs laws and regulations and, therefore, in the preparation of the consular invoice they relied upon advice from Beerbrayer who stated that the pearls should be invoiced at $10,000, which was the purchase price; and that after arrival at Los Angeles she employed the services of a broker and entered the pearls at a value of $10,000.

"She further represents that later she and her husband were interviewed by a customs agent; that during the interview and in apprehension of the circumstances of the transaction and of the fact that the consular invoice was incorrect, she became frightened and confused and stated in effect that the invoice price was the true purchase price and that it had been agreed with Beerbrayer to deposit that amount to his credit in a New York bank.

"She also represents that later on and after conferring with the broker the enery was amended to show the entered value to be $18,950, and that she engaged an attorney who was authorized to communicate the true facts to the customs agent.

"The petitioner asks that the case be settled on the basis of the payment of $3,646.50.

"This case is one of several in which A. Beerbrayer of Shanghai has induced others to violate the customs laws by introducing pearls into the commerce of the country by means of false documents or practices. While the petitioner and her husband appear to have been his victims in this case, and although they may have been inexperienced in customs matters, the records indicate that they were not innocent by any means. However, in all the circumstances of the case it is believed that the ends of justice will be served by the extension of some relief. Accordingly, the accrued forfeiture of the pearls is hereby remitted upon the condition that the petitioner pay $12,180, which appears to be the unpaid balance due to Beerbrayer. You are authorized to make partial releases of the shipment of not less than 10 percent thereof upon the payment of the proportionate amount of the mitigated penalty.

"Please advise the petitioner of the Bureau's decision."

Plaintiff was advised of this decision and under the terms thereof the Collector of Customs permitted plaintiff to withdraw, and she did withdraw from the shipment, approximately ten percent of the pearls upon payment to the Collector of ten percent of the mitigated forfeiture of $12,180. No further withdrawals were made by plaintiff by reason of the fact that she was unable to pay the balance of the mitigated forfeiture penalty imposed by the Secretary's decision of December 19, 1946, and the remainder of the pearls remained under seizure in the hands of the Collector of Customs.

The plaintiff did not reclaim these pearls by the payment of the balance of the $12,180, required by the decision of the Secretary of the Treasury, under § 1618, Title 19, U.S.C.A., as a condition to the remission of the forfeiture provided by the customs statute, Act of June 17, 1930, Title IV, Sec. 592, 46 Stat. 750, Title 19, U.S.C.A. § 1592, and the Collector of Customs proceeded, under authority of Section 610, Title IV of the Tariff Act of June 17, 1930, 19 U.S.C.A. § 1610, to make a report to the United States Attorney for the institution of proceedings for the condemnation and sale of such pearls. A libel action was instituted by the United States Attorney and plaintiff was given due and proper notice thereof. She did not appear or contest the petition for condemnation.

A judgment of condemnation and forfeiture of the pearls to the United States was entered by the District Court, and, pursuant to the order of the court, the pearls were sold for the sum of $20,559.18 which was remitted to and deposited with the Treasurer of the United States in accordance with the provisions of Section 613 of the Tariff Act of 1930, 19 U.S.C.A. § 1613. The plaintiff made no application to the Secretary of the Treasury under Section 613, supra, for the remission of any of the proceeds of such sale.

Plaintiff bases her claim for $20,559.18, received by defendant from the sale of the pearls, upon an implied contract arising from the taking of her property without right or authority under the customs laws relating to fines, penalties, and forfeiture. She admits, as we understand the allegations of her petition and argument in the brief, that the original seizure for forfeiture was proper and valid in the circumstances, but that the forfeiture provided for under Sections 592, 610 and 613 of the Tariff Act of 1930, supra, was remitted by the Secretary of the Treasury in his decision of December 19, 1946, supra, and a new agreement was made with plaintiff whereby the right of the Government to forfeit the pearls or to collect duties, fines, or penalties, under the statute, was waived. Plaintiff, therefore, contends that the District Court was without jurisdiction of the libel action and that the court's decree of condemnation, forfeiture, and sale, was null and void.

Under the facts as shown in the petition and in the decision of the Commissioner of Customs, referred to in the petition and attached to plaintiff's brief, we are of the opinion that the pearls not reclaimed by the plaintiff within a reasonable time after the decision of December 19, 1946, were subject to condemnation, forfeiture, and sale, and that the United States District Court had jurisdiction of the libel action instituted for these purposes.

Section 592 of the Tariff Act of 1930, supra, provides that where the consignor of imported merchandise commits acts such as plaintiff committed, the merchandise "shall be subject to forfeiture." Section 618, supra, provides that the person interested in the merchandise, subject to forfeiture, may, before the sale thereof, file with the Secretary of the Treasury a petition for remission or mitigation, and that " * * * if he [the Secretary] finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he

deems reasonable and just * * * ." Such a petition was filed by plaintiff before sale of the pearls asking "that the case be settled on the basis of the payment [by her] of $3,646.50." The Secretary found upon the facts that the plaintiff was "not innocent by any means," but concluded that in view of all the circumstances "the ends of justice will be served by the extension of some relief." Accordingly, he decided that "the *accrued forfeiture* of the pearls is hereby remitted *upon the condition* that the petitioner pay $12,180." [Italics supplied.] It seems clear from the facts that the Secretary did not completely remit the accrued statutory forfeiture, as plaintiff appears to contend, but mitigated it upon the express condition that the statutory requirement that the pearls be condemned, forfeited, and sold, would be remitted upon the payment by plaintiff "of the mitigated penalty." The Secretary, pursuant to the authority of Section 618, supra, gave plaintiff an opportunity to avoid the forfeiture, of which opportunity she did not avail herself, except to the extent of the payment of ten percent of the mitigated penalty and the release from the seizure of that amount of the seized pearls by the Collector of Customs.

Under these circumstances we think the merchandise in question was subject to condemnation and sale under the customs laws; that there was no agreement, express or implied in fact, on the part of the Government that such property would not be forfeited and sold if plaintiff should not redeem the pearls within such time as the Collector might require, under authority of the Secretary's decision.

The United States District Court for the Southern District of California, therefore, had jurisdiction of the libel action to condemn and forfeit the pearls, and its decision and judgment of condemnation and forfeiture are final and conclusive upon the claim presented by the plaintiff in its petition in this court.

In our opinion the facts alleged in plaintiff's petition are not sufficient to constitute a cause of action against the defendant for the recovery of the amount for which the imported pearls were sold, or any portion thereof.

The defendant's demurrer to the petition is, therefore, sustained and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.